# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN AVERY,

    Plaintiff,

v.                                                     Case No. 12-CV-192

GERALD A. PAGEL, JOHN BYRNES,
GARY HEMAUER, CALUMET COUNTY,
and JOHN DOES, sued as Correctional Officer(s) John Doe(s),

    Defendants.

## SCREENING ORDER

Plaintiff, who is incarcerated at the Wisconsin Secure Program Facility, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. The plaintiff has been assessed and paid an initial partial filing fee of $32.24.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

"Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to the complaint, plaintiff was a pretrial detainee at the Calumet County Jail ("Jail") at all times relevant. Defendants are: Calumet County Sheriff Gerald A. Pagel; Jail Administrator John Byrnes; Correctional Officer Gary Hemauer; Correctional Officers John Does; and Calumet County.

Plaintiff alleges that upon entering Jail on November 9, 2005, he was strip searched twice. He was also strip searched every time the cell block was shaken down or when he went on a visit, although all visits at the Jail are non-contact visits. Plaintiff asserts that he was strip searched as a form of harassment and that other Jail inmates were not routinely strip searched, as he was. He also asserts that he was denied access to the telephone while he was in segregation, and at other times, at the Jail.

On February 27, 2006, plaintiff was placed in administrative segregation and strip searched without penological justification. The order to move him to segregation was part of a "larger scheme" to deny him his rights, and came from the Sheriff himself. While in segregation, two unnamed officers questioned plaintiff about a murder investigation. The next day, plaintiff was strip searched and returned to general population. On March 1, 2006,

3

plaintiff was again placed in segregation without justification and questioned about the murder investigation. He was returned to general population the next day.

Plaintiff claims that he was strip searched and placed in segregation without penological justification, in violation of his rights under the Fourth Amendment. He also claims that he was denied access to the telephone in violation of his rights under the First Amendment. Plaintiff seeks declaratory relief and monetary damages.

A policy requiring "every detainee who will be admitted to the general population [of a jail] to undergo a close visual inspection while undressed" does not violate the Fourth Amendment. Bd. of Chosen Freeholders of County of Burlington, 132 S. Ct. 1510, 1513 (2012). However, in addition to two strip searches upon entry to the Jail, plaintiff also alleges he was subjected to a multitude of strip searches in harassing manner. Thus, plaintiff may proceed on a Fourth Amendment claim based on his strip search allegations. See id. at 1523-24; Mays v. Springborn, 575 F.3d 643, 649-50 (7th Cir. 2009). Plaintiff may also proceed on a claim that he was placed in segregation without penological justification, which arises under the Due Process Clause. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); Higgs v. Carver, 286 F.3d 437, 438-39 (7th Cir. 2002). Finally, plaintiff may proceed on a First Amendment claim based on his allegations that he was denied access to a telephone. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (prisoners have a right under the First Amendment to communicate with others outside the prison). Plaintiff faces an uphill battle on this claim because the Court of Appeals for the Seventh Circuit has expressed doubt that the First Amendment right amounts to an unqualified right for a prisoner to have access to a telephone. See Arsberry v. Illinois, 244 F.3d 558, 564-65 (7th Cir. 2001) ("Not to allow [prisoners] access to a telephone might be questionable on other

4

grounds, but to suppose that it 'would infringe the First Amendment would be doctrinaire in the extreme.'"). Plaintiff may use discovery to identify the John Doe defendants.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the named defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $317.76 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in] an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

5

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> ℅ Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 2nd day of May 2012.

s/ Lynn Adelman
LYNN ADELMAN
District Judge