# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN AVERY,
      Plaintiff,

v.                                                                    Case No. 12-CV-00192

GERALD A. PAGEL, JOHN BYRNES,
GARY HEMAUER, CALUMET COUNTY,
and JOHN DOES,
      Defendants.

## ORDER

Plaintiff, Steven Avery, a Wisconsin state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. He claims that, while a pretrial detainee at the Calumet County Jail, defendants subject him to harassing strip searches, placed him in segregation without penological justification, and denied him access to the telephone. Before me now is defendants' motion for judgment on the pleadings.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed the complaint and answer. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009); see also, Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Northern Ind. Gun, 163 F.3d at 452 (quoting Craigs, Inc. v. General Elec. Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993)); see also, Buchanan-Moore, 570 F.3d at 827. Thus, to succeed, the moving

party must demonstrate that there are no material issues of fact to be resolved. Northern Ind. Gun, 163 F.3d at 452.

The facts are viewed in the light most favorable to the nonmoving party, but facts set forth in the complaint that undermine the plaintiff's claim are not ignored. Id. The pleadings referenced in Rule 12(c) include the complaint, the answer, and any written instruments attached as exhibits. Id. at 452–53. The Seventh Circuit has interpreted "written instruments" to include documents such as affidavits, letters, contracts, and loan documentation. Id. at 453. Facts alleged in a brief in opposition to a motion to dismiss as well as factual allegations contained in other court filings of a pro se plaintiff may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint. Gutierrez v. Peters, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

## II. DISCUSSION

### A. Exhaustion of Administrative Remedies

First, defendants contend that the complaint establishes that plaintiff failed to exhaust administrative remedies because he alleges that "[t]here is a grievance procedure in the Calumet County Jail that plaintiff was located at however there was no filing of grievance with the jail [sic]." (See Compl. ¶ 3, ECF No. 1.) According to defendants, plaintiff's claims all concern "prison conditions" under the Prison Litigation Reform Act ("PLRA") and the claims are therefore barred as a matter of law because he did not use the Jail's administrative grievance procedure.

2

In response, plaintiff refers to paragraph 45 of his complaint where he asserts that his strip search claim "isn't about the conditions of his confinement per se but that it relates back to how law enforcement used the jail 'as a tool' to break him down prior to engaging in illegal questioning." (Pl.'s Resp. at 5.) Plaintiff elaborates that defendant Sheriff Pagel ordered him to be placed in administrative confinement to question him and that his claim is "not about being confined but about being detained or seized [ ] without a penological reason under the direct orders of an investigator in his criminal case." Id. According to plaintiff, it was "law enforcement," not defendants Calumet County Jail staff, who actually violated his rights by issuing orders to search him, place him in segregation, and question him. Plaintiff goes on to state that the fact that Calumet County Jail staff decided to abuse their power and follow clearly unlawful orders does not excuse them from their roles in the abuse. However, plaintiff insists that he should not be required to exhaust administrative remedies "simply because he was located in a jail at the time that law enforcement decided to violate his rights." Id. at 6.

The PLRA provides in pertinent part that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (citing Perez v. Wis. Dep't of Corrs., 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires

3

"proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006); see also Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require").

Here, plaintiff alleges that the Calumet County Jail has a grievance procedure and that he did not use it. His claims in this case—that defendants subjected him to harassing strip searches, placed him in segregation without penological justification, and denied him access to the telephone—concern "prison conditions" and the PLRA's exhaustion requirement applies to them. See 42 U.S.C. § 1997e(a); Porter, 534 U.S. at 532. Moreover, his justification for not using the grievance procedure is implausible. Plaintiff is suing defendants; he is not suing "law enforcement" for allegedly directing defendants to violate his rights.

However, the record does not establish what the Calumet County Jail requires of its inmates with regard to exhaustion of administrative remedies. "The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) (per curiam)). I cannot determine that plaintiff failed to exhaust the Jail's grievance procedure if I do not know what that procedure is. As a result, defendants' motion to dismiss based on exhaustion will be denied. See Dole, 438 F.3d at 809 (citing Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004) (exhaustion is an affirmative defense, and the burden of proof is on the defendants)).

4

**B. Qualified Immunity**

Defendants contend that the case should be dismissed based on qualified immunity because he has not alleged violations of any clearly established rights. Plaintiff contends that he already has, or will through the use of discovery, establish that defendants violated his constitutional rights.

Qualified immunity is "an immunity from suit rather than a mere defense to liability[.]" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that "insubstantial claims against government officials will be resolved prior to discovery." Id. (quoting Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987) (internal quotations omitted)). Thus, the Supreme Court "repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Id. (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

Despite this, at the pleading stage, plaintiff is required only to allege – not prove – the deprivation of a constitution right. See Tamayo v. Blagojevich, 526 F.3d 1074, 1090 (7th Cir. 2008). "The pleading standard is no different simply because qualified immunity may be raised as an affirmative defense." Tamayo, 526 F.3d at 1090 (citing Crawford–El v. Britton, 523 U.S. 574, 595 (1998)). Thus, the Court of Appeals for the Seventh Circuit has cautioned that the rule that qualified immunity must be resolved at the earliest possible stage, must be tempered by the notice pleading requirements of Rule 8. Id. (citations omitted). Because the qualified immunity determination usually depends on the facts of a case and a plaintiff is not required to plead facts that anticipate and overcome qualified immunity, dismissal on the basis of qualified immunity at the pleading stage is usually

inappropriate. Russell v. Lazar, 300 F. Supp. 2d 716, 723 (E.D. Wis. 2004) (citing Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001)); see also, Jacobs v. City of Chicago, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring) ("Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal [because] when defendants do assert immunity it is essential to consider facts in addition to those in the complaint.").

Although defendants contend that plaintiff does not establish violations of his constitutional rights, they go on to state, in effect, that he fails to state a claim. In this case, I screened the complaint and determined that plaintiff states constitutional claims based on allegedly harassing strip searches, placement in segregation without penological justification, and denial of access to the telephone. (Court's Order of May 2, 2012, at 4-5, ECF No. 7.)[1] The pleading stage does not require more. Thus, I will not dismiss plaintiff's claims based on qualified immunity.

## C. Calumet County

Defendants contend that Calumet County is subject to dismissal because plaintiff fails to identify any policy or custom regarding his claims. In order to recover against a municipal defendant under section 1983, plaintiff must show that his injury was the result of the municipality's official policy or custom. Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012) (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986) (plurality)) "[M]unicipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives" by

---

[1] Plaintiff's response to defendants' motion for judgment on the pleadings refers to retaliation and equal protection claims, and claims brought under 42 U.S.C. §§ 1985 and 1986. However, he is not proceeding on such claims in this case.

6

municipal policymakers. Id. (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)). An official policy or custom may be established by means of an express policy, a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality. Id. Also, the plaintiff must show a direct causal connection between the policy or practice and his injury, in other words that the policy or custom was the "'moving force [behind] the constitutional violation.'" Id. (quoting Harris, 489 U.S. at 389).

Plaintiff alleges that Calumet County Sheriff Pagel ordered the harassing strip searches and was part of a larger scheme to violate his rights. It is not clear if Sheriff Pagel is a final decision-maker for Calumet County. However, at this stage of the proceedings I am required to view the facts in the light most favorable to plaintiff. Therefore, I will not dismiss Calumet County.

**D. Statute of Limitations**

Defendants contend that portions of plaintiff's claims are barred by the statute of limitations. According to defendants, since plaintiff filed the complaint on February 24, 2012, any events giving rise to a claim which occurred prior to February 24, 2006, are barred by the six-year statute of limitation applicable to a § 1983 claim brought in Wisconsin. Plaintiff does not address this argument in his response brief.

Section 1983 claims are subject to Wisconsin's six-year personal rights statute of limitations under Wis. Stat. § 893.53. Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997); Gray v. Lacke, 885 F.2d 399, 409 (7th Cir. 1989). A § 1983 claim accrues on "the date that the plaintiff knew or should have known that his constitutional rights had been

violated." Savory v. Lyons, 469 F.3d 667, 672 (7th Cir. 2006). Courts apply a two-part test to determine the accrual of claims. Id. (citing Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004)). "First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury." Id. (quoting Hileman, 367 F.3d at 696); see also, Wallace v. Kato, 549 U.S. 384, 388 (2007) (accrual occurs when the plaintiff has "a complete and present cause of action," that is, when "the plaintiff can file suit and obtain relief") (citations omitted).

Defendants do not address the accrual date of plaintiff's claims. Plaintiff alleges that defendants subject him to series of harassing strip searches, some before February 24, 2006, and some after. Thus, the accrual date of plaintiff's strip search claim is not entirely clear. His segregation and telephone claims both took place after February 24, 2006, and consequently are not barred. Based on the foregoing, I will not dismiss plaintiff's claims as barred by the statute of limitations.

**E. Conclusion**

In sum, defendants' motion for judgment on the pleadings will be denied. Additionally, defendants' motion to stay discovery and plaintiff's motion to compel discovery will be denied as moot.

Under the circumstances, defendants should notify the court within five days of the date of this order whether they will seek leave to file a motion for summary judgment for failure to exhaust administrative remedies. If defendants do not so notify the court, I will promptly issue a Scheduling Order setting deadlines for the completion of discovery and filing dispositive motions.

8

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss [DOCKET # 26] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants shall notify the court within five days of the date of this order whether they will file a motion for summary judgment for failure to exhaust administrative remedies. Such motion must be filed on or before **March 15, 2013**.

**IT IS FURTHER ORDERED** that defendants' motion to stay discovery [DOCKET #22] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel [DOCKET #25] is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 15th day of February, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge