# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVEN AVERY,**
   Plaintiff,

  v.              Case No. 12-CV-00192

**GERALD A. PAGEL, JOHN BYRNES,
GARY HEDMAUER, CALUMET COUNTY
and JOHN DOES,**
   Defendants.

## DECISION AND ORDER

Plaintiff Steven Avery, a Wisconsin state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983. On February 15, 2013, defendants' motion to dismiss was denied. Before me now is both plaintiff's and defendants' respective motions for reconsideration of that order and plaintiff's motion for appointment of counsel.

## I. STANDARD OF REVIEW

A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), serves three very limited purposes in federal civil litigation: newly discovered evidence; an intervening change in the controlling law; or manifest error of law. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998); In re Prince, 85 F.3d 314, 324 (7th Cir. 1996); Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Such motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court

prior to judgment. Moro, 91 F.3d at 876; Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Rather, their purpose is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." Prince, 85 F.3d at 324.

## II. DISCUSSION

**A. Defendants' Motion for Reconsideration**

Defendants seek reconsideration of the denial of their motion to dismiss based on a failure to exhaust administrative remedies. Defendants sought dismissal for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997(e) based on plaintiff's allegation in his complaint that Calumet County Jail has a grievance procedure and no grievance was filed. I denied their motion to dismiss because the allegations in the complaint regarding the grievance procedure are very vague. The complaint states only that, "There is a grievance procedure at the Calumet County jail that plaintiff was located at however there was no filing of grievance with the jail [sic]." (Compl. ¶ 3, ECF No. 1.) These allegations do not establish what grievance procedures are available at the jail and who is entitled to use them. Since exhaustion is an affirmative defense and defendants bear the burden of proof, Dole v. Chandler, 438 F.3d 804, 808–09 (7th Cir. 2006), I concluded that it is necessary for defendants to file a motion for summary

2

judgment on the issue of exhaustion so they can provide the court with some details about the jail's grievance procedure.

In their motion for reconsideration, defendants argue that plaintiff's affirmative allegations regarding a grievance not having been filed amount to a judicial admission of failure to exhaust administrative remedies, requiring dismissal, citing Jones v. Bock, 549 U.S. 199, 215 (2007). This argument does not provide a basis for altering my conclusion that dismissal is not warranted on this record. While it seems highly likely that defendants will prevail on the issue of exhaustion, it is still necessary for them to put some evidence into the record regarding the scope of the jail's grievance procedure in order to prove that plaintiff's admission that he did not file a grievance is fatal. See Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009) (noting that a complaint cannot be dismissed on the basis of an affirmative defense unless the allegations contained therein establish everything necessary to satisfy the defense).

**B. Plaintiff's Motion for Reconsideration**

Plaintiff seeks reconsideration of the order denying the motion to dismiss based on the determination that the PLRA applies to his claims. According to plaintiff, the PLRA's exhaustion requirements should not apply to him because the actions of the defendants were motivated by law enforcement, citing a case involving events that occurred prior to the enactment of the PLRA, Johnson v. Quinn, Case No. 96-C-6598, 1999 WL 116222 (N.D. Ill. Feb. 26, 1999). I rejected this argument in the order denying defendants' motion to dismiss because plaintiff has sued those allegedly responsible for his confinement based on allegations concerning his conditions of confinement. The comments in Johnson

regarding the applicability of the PLRA are not helpful, not only because Johnson pre-dated the PLRA, but because Johnson is a case concerning the alleged actions of the state's attorneys and detectives, not those responsible for that plaintiff's conditions of confinement. I will therefore deny plaintiff's motion for reconsideration.

**C. Plaintiff's Motion for Appointment of Counsel**

Plaintiff has also moves for the appointment of an attorney. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). When confronted with a request for counsel, a district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). With regard to the second inquiry, the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Here, plaintiff's efforts to obtain legal counsel on his own have been unsuccessful. Nonetheless, the issues in this case appear at this stage to be straightforward and uncomplicated, and plaintiff's filings indicate that he is capable of litigating this case on his

4

own. Accordingly, I will deny plaintiff's request for appointment of counsel without prejudice. If this case proceeds to trial, plaintiff may refile this motion.

**THEREFORE, IT IS ORDERED** that defendants' motion for reconsideration (Docket #37) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to for reconsideration (Docket #35) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket # 39) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that defendants shall file any motion for summary judgment on or before **October 15, 2013**.

Dated at Milwaukee, Wisconsin, this 9th day of October, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge