# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVEN AVERY,**

    **Plaintiff,**

    v.                                    Case No. 12-CV-192

**GERALD A. PAGEL, JOHN BYRNES,
GARY HEMAUER, CALUMET COUNTY,
and JOHN DOES,**

    **Defendants.**

## DECISION AND ORDER

The pro se plaintiff, Steven Avery, claims that defendants subjected him to harassing strip searches, placed him in segregation without penological justification, and denied him access to the telephone while he was a pretrial detainee at the Calumet County Jail, all in violation of the United States Constitution. Defendants have filed a motion for summary judgment for failure to exhaust administrative remedies, which will be addressed herein.

## STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248.

A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## **FACTS**[1]

### A. Defendants' Proposed Findings of Fact

The Calumet County Jail has an extensive Jail Policy. The Jail also provides inmates with a Calumet County Rules and Regulations Handbook ("Handbook") which serves as a summary of the more extensive Jail Policy. Inmates are provided a copy of the Handbook upon being incarcerated. In addition, the Jail Policy may be accessed through computers in the jail.

The Calumet County Jail has a grievance process which allows inmates to file complaints through an Inmate Communication Form ("ICF") system. The ICF forms are the

---

[1] Facts are taken from Defendants' Proposed Findings of Fact and Plaintiff's Additional Proposed Findings of Fact.

sole method of communication for such issues. Jail policy is that such communications be undertaken in writing so there is a written record of all such communications. Any and all complaints, whether it is regarding the need for a haircut or filing a complaint about jail conditions, are accomplished through the ICF.

The ICF forms allow the inmate to identify whether the communication is for the purpose of: (1) a request, (2) a concern/complaint, or (3) an appeal. When a corrections officer receives an ICF form from an inmate, the officer attempts to address and resolve the issue under the policies and procedures established in the Jail Policy. This usually includes a face-to-face meeting with the inmate to discuss and address any concerns. The corrections officer then takes the necessary and appropriate steps and issues a disposition to the inmate on the same ICF form. The inmate is informed that if he is not satisfied with the disposition he may appeal the disposition to the sergeant. The sergeant also issues a written disposition on the same ICF form to the inmate. The inmate is informed that if he is not satisfied with the disposition by the sergeant he may appeal the disposition to the lieutenant by filling out an ICF form and appealing the disposition. The lieutenant issues a written disposition on the same ICF form to the inmate. This is the final step in the grievance process at the Calumet County Jail. While inmates have been known to send written correspondence to the Sheriff to seek additional review if they are not satisfied with the lieutenant's disposition, there are no formal procedures beyond the disposition by the lieutenant.

Plaintiff used the ICF forms to communicate with corrections staff about requests he had on eleven occasions during his incarceration. None of the ICF forms mentioned any

3

of the jail conditions identified in his complaint. Some of his requests were resolved to his satisfaction while others were denied. Plaintiff did not appeal any of the dispositions.

All eleven of plaintiff's ICF forms were designated "requests" and not "concerns/complaints" or "appeals." The requests were for: (1) a haircut; (2) visitation for a television interview; (3) removing someone from visitation list; (4) seeing a pastor; (5) keeping mail from the media for plaintiff's attorney; (6) visitation; (7) visitation and removal of individual from visitation list; (8) add and remove individuals from visitation list; (9) meeting with a pastor; (10) seeing a letter; and (11) removing someone from visitation list.

**B.     Plaintiff's Additional Proposed Findings of Fact**

Plaintiff was told upon being placed at the Calumet County Jail that he was a Manitowoc County Jail inmate. The Calumet County Jail staff treated plaintiff differently because he was not considered a Calumet County Jail inmate but a Manitowoc County Jail inmate. Plaintiff was told that he did not have to use the Calumet County Jail complaint system because he was not a Calumet County Jail inmate. However, plaintiff was advised that he could use the ICF forms at his own discretion. Plaintiff believed that he was not required to use the inmate complaint system and that there was no grievance procedure that applied to him.

## ANALYSIS

Defendants contend that this case must be dismissed because plaintiff failed to utilize the exhaustion process available at the Calumet County Jail. Plaintiff contends that he was not required to exhaust administrative remedies and that the jail's grievance

4

process did not apply to him because jail staff instructed him that he was not required to use the Jail's grievance system. In reply, defendants contend that plaintiff's manufactured claim of a genuine issue of material fact over the existence of a grievance procedure must be rejected. Defendants further contend that even if the court accepts plaintiff's contrived basis to oppose summary judgment, judgment is still appropriate as plaintiff has admitted that the grievance process was plainly available to him and that he failed to use it.

The Prison Litigation Reform Act ("PLRA") provides in pertinent part that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (citing Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006); see also Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (citing Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)).

Defendants contend that plaintiff's new grounds for avoiding summary judgment are inconsistent with the position he took before the summary judgment motion was filed and should be rejected for the sham that it is, citing Richardson v. Bonds, 860 F.2d 1427, 1433 (7th Cir. 1988) (a newly-invented and last minute change in position that is offered in response to summary judgment does not create a genuine issue of material fact). However, the last-minute change of position in Richardson involved contradictory sworn statements over whether an officer knew the individual he was arresting was an off-duty police officer. The arrestee and plaintiff in that case, Richardson, swore six days after his arrest that the arresting officer did know that Richardson was a police officer and again, during his deposition, Richardson testified that the officer knew. Id. at 1433. These statements conflicted with Richardson's sworn statement at summary judgment that the arresting officer did not know Richardson was a police officer upon arrest. Id. The court of appeals rejected Richardson's change of position and stated that "[a] party may not create a *genuine* issue of fact by contradicting his own earlier statements, at least without a plausible explanation for the sudden change of heart." Id. (emphasis in original). The court went on to state that "[i]t is well established that a party cannot create a genuine issue of fact by submitting an affidavit containing conclusory allegations which contradict plain admissions in prior deposition or otherwise sworn testimony." Id. (quoting Diliberti v. United States, 817 F.2d 1259, 1263 (7th Cir. 1987)).

In this case, contrary to defendants' contention, plaintiff's averment at summary judgment that jail staff told him he was not required to make complaints through the Calumet County Jail complaint system or use ICF forms because he was not actually a Calumet County Jail inmate is not inconsistent with the position he took before they filed

their motion for summary judgment. Plaintiff's only reference to exhaustion in the sworn complaint is: "There is a grievance procedure in the Calumet County Jail that plaintiff was located at however there was no filing of a grievance with the jail." (Compl. at 2.) Additionally, in response to defendants' prior motion for judgment on the pleadings based on exhaustion, plaintiff argued that the PLRA exhaustion requirement did not apply to him because the actions of defendants were motivated by law enforcement, and not by the jail officers who allegedly violated his rights. While it is true that plaintiff has not previously taken the position that any jail staff member advised him that he was not required to make complaints through the Calumet County Jail grievance system, that averment does not contradict plaintiff's prior averments and arguments regarding exhaustion.

Next, defendants contend that summary judgment is appropriate because plaintiff has admitted that the grievance process was available to him yet he failed to use it. Plaintiff, on the other hand, contends that merely telling a person held in a Jail that he can use the complaint system if he wants or at his own discretion does not give reasonable notice that the Jail's complaint system is a required system for obtaining relief.

The Seventh Circuit takes a "strict compliance" approach to the exhaustion requirement, demanding that the prisoner complete the administrative review process in accordance with all applicable procedural rules and deadlines. E.g. Santiago v. Anderson, 496 Fed. App'x 630, 636–37 (7th Cir. 2012), reh'g denied (Sept. 24, 2012), cert. denied, 133 S. Ct. 769 (2012) (citing Dole, 438 F.3d at 809); Woodford, 548 U.S. at 88, 93; see also Pozo, 286 F.3d at 1025. However, that strict compliance approach applies only insofar as the prisoner must exhaust all administrative remedies available to him or her. Hurst v. Hantke, 634 F.3d 409, 411 (7th Cir. 2011). In other words, the exhaustion requirement

7

applies only when exhaustion procedures are actually available to the prisoner. If, for example, prison officials or circumstances have somehow made administrative remedies unavailable to the prisoner, then the prisoner does not need to exhaust all of the administrative remedies. See, e.g., Pavey v. Conley, 663 F.3d 899, 906 (7th Cir. 2011) (administrative remedy unavailable where officials misinformed prisoner of the administrative process); Hurst, 634 F.3d at 411 (remedy unavailable where the elements of procedure for obtaining it are concealed); Dole, 438 F.3d at 809 (remedy unavailable where officers do not respond to grievance or otherwise prevent exhaustion); Curtis v. Timberlake, 436 F.3d 709, 711 (7th Cir. 2005) (remedy unavailable where officials somehow encourage noncompliance). Moreover, because failure to exhaust is an affirmative defense, defendants asserting it bear the burden of proving nonexhaustion. Santiago, 496 Fed. App'x at 636 (citing Dole, 438 F.3d at 808). Accordingly, "they must do more than point to a lack of evidence [of exhaustion] in the record; rather, they must establish affirmatively that the evidence is so one-sided that no reasonable fact finder could find that the plaintiff was prevented from exhausting his administrative remedies." See Branham v. Snow, 392 F.3d 896, 906–07 (7th Cir. 2004).

Defendants contend that the unavailability argument does not apply to plaintiff because he was not effectively prevented from filing a grievance or denied access to the grievance process. Defendants point to the eleven ICF forms plaintiff filed regarding various requests he had at the jail in support of their contention that plaintiff was able to file a grievance. However, the fact that plaintiff filed eleven requests using the ICF forms is consistent with his position. They were all requests, not complaints. Plaintiff did not file any complaints using the ICF forms. Plaintiff avers that he was told he did not have to file

8

a grievance which renders administrative remedies "unavailable" under relevant case law. See Pavey, 663 F.3d at 906.

Defendants do not dispute that plaintiff was told he did not have to file an ICF form to grieve jail conditions. Thus, as it appears that there is no factual dispute, the court will deny defendants' motion for summary judgment and schedule deadlines for the completion of discovery and for filing dispositive motions on the merits.

**THEREFORE, IT IS ORDERED** that defendants' motion for summary judgment for failure to exhaust administrative remedies (Docket # 41) is **DENIED**.

**IT IS FURTHER ORDERED** that the deadline for the completion of discovery is **September 12, 2014**, and the deadline for filing dispositive motions is **October 13, 2014**.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2014.

                                      s/ Lynn Adelman
                                      _____
                                      LYNN ADELMAN
                                      District Judge